IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JASON RICHARDS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-18-1524 |
| WARDEN FRANK BISHOP, et al. | * | |
| Respondents. | * | |

*****

## MEMORANDUM OPINION

Pending before the Court is Petitioner Jason Richards's Petition for Writ of Habeas Corpus. (ECF No. 1). The Petition is ripe for disposition, and no hearing is necessary. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2254(e)(2) (2018). For the reasons set forth below, the Court will dismiss the Petition as time-barred.

### I. BACKGROUND

On February 23, 2005, Richards was arraigned in the Circuit Court for Baltimore County, Maryland on charges of first-degree murder, conspiracy to commit murder (two counts), second-degree rape, attempted second-degree rape, and third-degree sexual offense (two counts). (Resp'ts' Limited Ans. Ex. 1 ("State Ct. R.") at 7–9, 12, ECF No. 5-1).[1] During Richards's jury trial from July 26 to August 1, 2005, the Circuit Court granted a motion for acquittal with regard to the two third-degree sexual offense counts, and the

---

[1] Citations to the State Court Records refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

prosecution abandoned the attempted rape count. (Id. at 12). The jury convicted Richards of the remaining counts. (Id. at 7–9, 72). On October 18, 2005, the Circuit Court sentenced Richards to: life without parole for first-degree murder (Count 1); life, consecutive to Count 1, for the first conspiracy count (Count 2); life, consecutive to Counts 1 and 2, for the other conspiracy count (Count 3); and twenty years, consecutive to the other counts, for second-degree rape (Count 4). (Id.).

On November 7, 2005, Richards appealed his convictions to the Maryland Court of Special Appeals, and on November 21, 2005, he filed an Application for Review by a Three-Judge Panel of the Circuit Court. (Id. at 15). On January 31, 2006, the Circuit Court declined to alter Richards's sentence. (Id.). On February 22, 2008, the Court of Special Appeals issued its decision, remanding with instructions to vacate Richards's sentence for one of the two conspiracy convictions and otherwise affirming the judgments of conviction. (Id. at 92). The Court of Special Appeals mandate issued on March 24, 2008. (Id. at 93). Richards did not seek further direct review by petition for certiorari in the Maryland Court of Appeals or the United States Supreme Court. (Pet. at 3, ECF No. 1).[2]

On April 4, 2008, the Circuit Court resentenced Richards to life without the possibility of parole for Count 1, and twenty years for Count 4, consecutive to the Count 1 life sentence. (State Ct. R. at 15–16, 94–96). The Circuit Court vacated the original life sentence on Count 2 and merged Count 3 with Count 2 for sentencing. (Id.). Richards did

---

[2] Citations to the Petition refer to the pagination assigned by the CM/ECF system.

not appeal from the resentencing judgment. Under State law, the time for him to do so expired on May 4, 2008, thirty days after he was resentenced. See Md. Rule 8-202(a).

Richards's next filing came over three years later, on November 15, 2011, when he filed a "Request for Hearing on Motion" in the Circuit Court. (State Ct. R. at 16). He then filed a Public Information Act complaint on May 22, 2014. (Id.). On June 23, 2014, Richards filed a "Motion to Correct Illegal Sentence," (id.), which the Circuit Court denied by order entered on August 4, 2014, (id. at 17). On July 8, 2014, Richards filed a "Motion for Revisory Power," which the Circuit Court denied by marginal order entered on August 11, 2014. (Id.). On August 21, 2014, Richards filed a timely notice of appeal regarding the denial of his motions. (Id.). On December 23, 2014, the Court of Special Appeals subsequently dismissed his appeal for failure to file an appellate brief. (Id. at 18, 112). The Court of Special Appeals mandate issued on January 22, 2015. (Id. at 18, 113).

On March 4, 2015, Richards filed a petition for post-conviction relief in the Circuit Court. (Id. at 17, 114–26). He filed a supplemental petition through counsel on April 14, 2016. (Id. at 18, 127–37). Following a hearing on September 29, 2017, (id. at 7, 19), the Circuit Court denied post-conviction relief on December 26, 2017, (id. at 17, 138–56). Richards did not apply for leave to appeal from that decision. See Md. Code Ann., Crim. Proc. § 7-109(a) (West 2019) (providing for appellate review of post-conviction rulings by application for leave to appeal); Md. Rule 8-204(b)(2)(A) (requiring such applications for leave to appeal to be filed within thirty days of entry of judgment).

Richards, an inmate at North Branch Correctional Institution in Cumberland, Maryland, filed the instant Petition on May 20, 2018.[3] (Pet., ECF No. 1). In the Petition, Richards collaterally attacks his 2005 convictions, arguing that trial counsel rendered ineffective assistance by failing to preserve the record, failing to object to evidence, and failing to object to jury instructions. (Id. at 5–6). On September 4, 2018, Respondents filed a Limited Answer in which they argue that the Petition should be dismissed as untimely. (Resp'ts' Limited Answer, ECF No. 5). On September 19, 2018, Richards filed an Opposition. (Pet.'s Opp'n, ECF No. 6). Under Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), the Court allowed Richards to explain why his Petition should not be dismissed as time-barred. (Oct. 9, 2019 Order, ECF No. 7). On November 5, 2018, Richards supplemented his Opposition to address the timeliness issue. (Pet.'s Suppl., ECF No. 8).

## II. DISCUSSION

### A. <u>Petition for Writ of Habeas Corpus</u>

In their Limited Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d). (Resp'ts' Limited Answer at 15). Respondents contend that the one-year limitations period began to run on May 4, 2008 and was not suspended by statutory or equitable tolling. (Id.). Richards counters that no one advised him that he had one year to

---

[3] Although the Court received Richards's Petition on May 25, 2018, his Petition is deemed filed as of the date he signed it, May 20, 2018. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

4

file a federal habeas corpus petition. (Pet.'s Opp'n at 2). He also asserts that the one-year limitations period did not begin to run because the Court of Special Appeals did not send him a copy of its February 22, 2008 opinion remanding the case to the Circuit Court for resentencing. (Pet.'s Suppl. at 1). The Court agrees with Respondents.

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). Petitions filed under § 2254 are subject to a one-year statutory limitations period, with the starting date determined by 28 U.S.C. § 2244(d) (2018). As relevant to Richards's Petition, "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." § 2244(d)(l)(A). The one-year limitations period is tolled while properly filed state post-conviction proceedings are pending, see § 2244(d)(2), and when equity requires it.

Here, Richards's Petition is time-barred because it was filed after the operative limitations period and is not subject to any tolling. When a defendant obtains a resentencing in a state-court appeal, as Richards did here, "the limitations period under § 2244(d)(1)(A) runs from the judgment entered upon resentencing[.]" Woodfolk v. Maynard, 857 F.3d 531, 542 (4th Cir. 2017) (citations omitted). Accordingly, the applicable judgment in this case, from which the limitations period under § 2244(d)(1)(A) is calculated, is Richards's resentencing on April 4, 2008. Because Richards did not pursue further review in state appellate court or the United States Supreme Court, his conviction and sentence became final for direct appeal purposes on May 4, 2008, when the time for pursuing direct review

5

in state court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150, 154 (2012); Md. Rule 8-202(a).

Further, Richards did not initiate post-conviction or other state post-conviction proceedings within one year after May 4, 2008 to toll the limitations period before it expired. See § 2244(d)(2). Rather, Richards filed his next motion, a "Request for Hearing on Motion" in the Circuit Court, over three years later, on November 15, 2011. More importantly, he did not file his post-conviction petition until almost seven years later, on March 4, 2015.

Finally, Richards has not demonstrated that his Petition's untimeliness should be excused based on equitable considerations. Under certain circumstances, the statute of limitations for habeas petitions may be subject to equitable tolling. See, e.g., Harris v. Hutchinson, 209 F.3d 325, 329–30 (4th Cir. 2000); United States v. Prescott, 221 F.3d 686, 687–88 (4th Cir. 2000). A petitioner seeking equitable tolling must show either that there was wrongful conduct by the respondent that prevented the petitioner from filing on time, or that there were "extraordinary circumstances" beyond the petitioner's control that prevented timely filing of a petition. Harris, 209 F.3d at 330; Rose v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Courts apply equitable tolling sparingly, as it is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330.

Here, Richards argues that his Petition should not be dismissed as untimely because the Court of Special Appeals did not send him a copy of its February 22, 2008 opinion

remanding the case to the Circuit Court for resentencing, and because no one advised him that he had one year to file a federal habeas corpus petition following that resentencing. (Pet.'s Opp'n, Pet's Suppl.). Richards does not dispute he had notice of his April 4, 2008 resentencing, so whether he timely received a copy of the February 22, 2008 Court of Special Appeals opinion that prompted the resentencing is immaterial. Further, unfamiliarity with the law is not a basis for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, equitable tolling does not apply.

As a result, the Court will dismiss the Petition as time-barred.

**B.      Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When a petition is denied on procedural grounds, as in this case, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Richards fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Richards may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition as time-barred. The Court declines to issue a Certificate of Appealability. A separate Order follows.

_____5/22/19\_\_\_\_\_             _____/s/_____
Date                                                        George L. Russell, III
                                                             United States District Judge